IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>**Plaintiff**,<br><br>v.<br><br>ATILANO CORDERO BADILLO, *et al.*,<br><br>**Defendants**. | Civil No. 15-1541 (FAB) |

**OPINION AND ORDER**

BESOSA, District Judge.

Plaintiff Thomas E. Perez, Secretary of Labor ("Secretary"), filed this action against defendants Atilano Cordero-Badillo ("Cordero") and the Empresas A. Cordero Badillo Retirement Plan ("the Plan") alleging that Cordero breached his fiduciary duty as trustee of the Plan, an employee benefit plan as defined by the Employee Retirement Income Security Act ("ERISA"). (Docket No. 1.) Plaintiff alleges that this breach caused the Plan to exist without a named fiduciary or with assets not held in trust in violation of ERISA sections 402-403, 29 U.S.C. §§ 1102-1103. Id. at 3. Before the Court are defendants' motion to dismiss, (Docket No. 17), which plaintiff opposed, (Docket No. 18), and plaintiff's motion to appoint an independent fiduciary, (Docket No. 7.) For the reasons that follow, both motions are **DENIED**.

Civil No. 15-1541 (FAB)                                                          2

## I.  DEFENDANTS' MOTION TO DISMISS

**A.  FACTUAL ALLEGATIONS**

Because plaintiff Secretary purports to bring his motion pursuant to Rules 12(b)(6) and 12(b)(1), the Court takes as true the following non-conclusory factual allegations stated in plaintiff Secretary's complaint[1] and draws all inferences in his favor.  See Carrero-Ojeda v. Autoridad de Energia Electrica, 755 F.3d 711, 712 (1st Cir. 2014) (Rule 12(b)(6)); Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010) (Rule 12(b)(1)).

The Plan, which was established by A. Cordero Badillo, Inc. ("Cordero Badillo, Inc.") on September 1, 2004, was established to provide retirement and major medical expenses for its participants. (Docket No. 7-13 at pp. 11-12.)  It was funded by employee salary withholdings and employer matching contributions.  Id. at pp. 8-9.

In 2010, Cordero Badillo, Inc., ceased doing business. (Docket No. 1 at p. 2.)  On August 15, 2013, Cordero became the Plan's trustee.  Id.  As of May 2015, the Plan had 375 unpaid participants and approximately $128,625.95 in assets.  Id. at pp. 2-3.

On November 12, 2010, Cordero Badillo, Inc. filed for chapter 11 bankruptcy relief in the United States Bankruptcy Court for the

---

[1] The Court also reviews the Plan Adoption Agreement, Docket No. 7-13, because its authenticity is not challenged and some of the complaint's factual allegations are dependent upon the document. See Beddall v. State St. Bank & Tr. Co., 137 F.3d 12, 15, 17 (1st Cir. 1998).

Civil No. 15-1541 (FAB)                                              3

District of Puerto Rico.  Voluntary Petition Under Chapter 11 With Schedules, In re A. Cordero Badillo, Inc., Ch. 7 Case No. 10-bk-10705-MCF, Docket No. 1 (Bankr. D.P.R. Nov. 12, 2010).  On April 29, 2015, the underlying bankruptcy case, Case No. 10-bk-10705-MCF, was converted from a chapter 11 bankruptcy proceeding to a chapter 7 bankruptcy proceeding and a bankruptcy trustee, Noreen Wiscovitch-Rentas ("Wiscovitch"), was appointed.[2]  Notice of Chapter 7 Bankruptcy Case, In re A. Cordero Badillo, Inc., Ch. 7 Case No. 10-bk-10705-MCF, Docket No. 871 (Bankr. D.P.R. Apr. 29, 2015).

**B.   DISCUSSION**

In their motion to dismiss, defendants argue (1) that this Court is not the proper forum because administration of the Plan by the chapter 7 bankruptcy trustee should be monitored by the bankruptcy court, and (2) that Cordero is not the proper defendant because, at the time the complaint was filed, the chapter 7 bankruptcy trustee was the administrator for the Plan.  (Docket No. 17 at pp. 2, 18-20.)  Additionally, defendants seek litigation costs and legal fees, accusing plaintiff Secretary of malicious prosecution and abuse of process for litigating this action despite

---

[2] The Court considers the orders of the bankruptcy court as public records.  In re Colonial Mort. Bankers Corp., 324 F.3d 12, 20 (1st Cir. 2003) (including a bankruptcy case order as a "matter[] of public record [that is] fair game in adjudicating Rule 12(b)(6) motions").

Civil No. 15-1541 (FAB)                                                        4

his knowledge of the underlying bankruptcy proceedings.  Id. at pp. 19-20.

### 1. Proper Forum

Defendants argue that administration of the Plan by the bankruptcy trustee should be monitored by the bankruptcy court, not this Court.  (Docket No. 17 at p. 2.)  District courts have "original and exclusive jurisdiction" over all chapter 11 bankruptcy cases.  See 28 U.S.C. § 1334(a).  In this Court, chapter 11 bankruptcy cases and "all proceedings arising under . . . or arising in or related to" a chapter 11 bankruptcy case are referred automatically to the bankruptcy court pursuant to the Court's General Order of July 19, 1984 ("July 1984 Order").  Juan Torruella, Resolution (July 19, 1984), http://www.prd.uscourts.gov/sites/default/files/documents/88/BankruptcyCases.pdf. Proceedings addressing the interplay between ERISA and the Bankruptcy Code created by 11 U.S.C. § 701(a)(11)[3] sometimes fall within the bankruptcy court's "arising under," "arising in," or "related to"

---

[3] The bankruptcy trustee shall "continue to perform the obligations required of the administrator" when "at the time of the commencement of the case, the debtor (or any entity designated by the debtor) served as the administrator . . . of an [ERISA] employee benefit plan."  11 U.S.C. § 704(a)(11).

Civil No. 15-1541 (FAB)                                                      5

jurisdiction.[4] U.S. Dept. of Labor v. Kirschenbaum, 508 B.R. 257, 264-70 (Bankr. E.D.N.Y. 2014), aff'd sub nom., In re Robert Plan Corp., 777 F.3d 594 (2d Cir. 2015) (analyzing whether a bankruptcy court had "arising under," "arising in," or "related to" jurisdiction over an ERISA employee benefit plan).

Determining the proper forum for a claim involving 11 U.S.C. § 701(a)(11) is an issue of first impression for this Court. Because case law from the half-dozen bankruptcy court cases[5] to address this issue is "scant and inharmonious," In re Franchi Equipment Co., 452 B.R. 352, 356 (Bankr. D. Mass. 2011), the Court looks to the single case addressing this matter at the district and circuit court levels.

In In re Robert Plan Corp., the Department of Labor challenged the bankruptcy court's jurisdiction to approve the

---

[4] A proceeding that "invoke[s] substantive rights created by bankruptcy law" "arises under" bankruptcy law. U.S. Dept. of Labor v. Kirschenbaum, 508 B.R. 257, 264 (E.D.N.Y. 2014) aff'd sub nom. In re Robert Plan Corp., 777 F.3d 594 (2d Cir. 2015). A proceeding that "covers claims that are not based on any right expressly created by [bankruptcy law], but nevertheless, would have no existence outside of the bankruptcy" "arises in" bankruptcy law. Id. A proceeding in which "the outcome might have any conceivable effect on or any significant connection with the bankruptcy estate" is "related to" bankruptcy law. Id. (internal quotations omitted).

[5] See generally In re AB & C Group, Inc., 411 B.R. 284 (Bankr. N.D.W. Va. 2009); In re Trans-Indus., Inc., 419 B.R. 21 (Bankr. E.D. Mich. 2009); In re Mid-States Express, Inc., 433 B.R. 688 (Bankr. N.D. Ill. 2010); In re Franchi Equip Co., 452 B.R. 352 (Bankr. D. Mass. 2011); In re NSCO, Inc., 427 B.R. 165 (Bankr. D. Mass. 2010); In re Negus-Sons, Inc., No. BK09-82518-TJM, 2013 WL 4674917 (Bankr. D. Neb. Aug. 30, 2013).

bankruptcy trustee's request to pay administration fees from the employee benefit plan assets.  777 F.3d 594, 596 (2d Cir. 2015).  The court held that the bankruptcy court lacked "arising under" and "arising in" jurisdiction because administration of ERISA plans "is typically an issue that arises outside [of] bankruptcy," and the substantive duties and rights that the bankruptcy trustee is assigned through 11 U.S.C. § 704(a)(11) originate in ERISA, not the bankruptcy code.  Id. at 597.  The court also held that the bankruptcy court lacked "related to" jurisdiction because payment from the employee benefit plan, a non-estate asset, could not possibly have any effect on the bankruptcy estate.  Id.

Here, plaintiff Secretary is seeking to remove Cordero as a trustee for breach of fiduciary duties.  (Docket No. 1 at pp. 2-3.)  Removal for breach of a fiduciary duty is a remedy that is created by ERISA law, 29 U.S.C. § 1109(a), and typically arises outside of bankruptcy proceedings.  Accord Ortega-Candelaria v. Orthobiologics LLC, 661 F.3d 675 (1st Cir. 2011) (reviewing an ERISA breach of fiduciary claim decided in the district court); Bunch v. W.R. Grace & Co., 555 F.3d 1 (1st Cir. 2009) (same); Evans v. Akers, 534 F.3d 65 (1st Cir. 2008) (same).  Thus, the Court finds that the bankruptcy court lacks "arising in" and "arising under" jurisdiction.

Additionally, the only monetary relief that plaintiff Secretary seeks is payment of expenses incurred in appointing a new

fiduciary for the plan and payment of losses to the plan from Cordero's alleged fiduciary breach.  (Docket No. 1 at p. 3.) Plaintiff Secretary requests payment of these expenses to be made by Cordero.  Id.  Because the plan is not an estate asset, 11 U.S.C. § 541(b)(7), and Cordero is not the party in bankruptcy, any monetary award in this case will not impact the bankruptcy estate. See In re Robert Plan Corp., 777 F.3d at 596.  Accordingly, the Court finds that the bankruptcy court lacks "related to" jurisdiction.

Because the bankruptcy court has no jurisdiction over this matter, jurisdiction is not automatically referred to the bankruptcy court pursuant to the July 1984 Order, but instead remains with this Court.  This Court has jurisdiction and is the proper forum for adjudicating the parties' claims.

### 2. **Proper Defendant**

Defendants also claim that plaintiff Secretary brought suit against defendant Cordero improperly because the suit should instead have been brought against the chapter 7 bankruptcy trustee. (Docket No. 17 at pp. 11-15.)  Pursuant to 11 U.S.C. § 704(a)(11), the chapter 7 bankruptcy trustee becomes the successor administrator of the ERISA employee benefit plan assuming all rights and obligations of the previous debtor-administrator.  In re Trans-Indus., Inc., 538 B.R. 323, 347 (Bankr. E.D. Mich. 2015)

Civil No. 15-1541 (FAB)                                        8

(clarifying that the bankruptcy trustee becomes a successor trustee, not just a stand-in for the current plan administrator).

Here, Cordero has been a trustee of the plan since August 15, 2013.  (Docket No. 1 at p. 2.)  Additionally, Cordero Badillo, Inc. and the Committee are named as plan administrators and fiduciaries in the Plan agreement dated 2010.  (Docket No. 7-13 at pp. 13-14.)

Only Cordero Badillo, Inc. is named in the bankruptcy proceedings and thus it is the debtor in those proceedings.  See generally In re A. Cordero Badillo, Inc., Ch. 7 Case No. 10-bk-10705-MCF, (Bankr. D.P.R. 2010).  When Wiscovitch was appointed as bankruptcy trustee on April 29, 2015, she assumed all duties and obligations of the debtor as administrator of the Plan.  See In re Trans-Indus., Inc., 538 B.R. at 347; see also 11 U.S.C. § 704(a)(11); Notice of Chapter 7 Bankruptcy Case, In re A. Cordero Badillo, Inc., Ch. 7 Case No. 10-bk-10705-MCF, Docket No. 871 (Bankr. D.P.R. Apr. 29, 2015).  Because Cordero is not named as a debtor in bankruptcy Case No. 10-bk-10705, Wiscovitch's appointment did not affect his duties as trustee of the Plan.  The Court, therefore, finds that plaintiff's claims against Cordero are proper because he remained a trustee of the Plan after Wiscovitch's appointment as trustee.  Thus, because Cordero is a proper party and this Court is a proper forum, defendants' motion to dismiss is **DENIED**.

### 3.   **Wrongful Prosecution and Abuse of Process**

Finally, defendants assert that plaintiff Secretary's continued prosecution of this suit despite the bankruptcy proceedings against Cordero Badillo, Inc. constituted malicious prosecution and abuse of process pursuant to Puerto Rico law. (Docket No. 17 at pp. 16-19.)  The Court finds no merit in this argument because there was no bankruptcy stay in place prohibiting further proceedings in this Court, (Docket No. 15 (denying defendants' motion to stay)), and this Court is the proper forum, see supra Part I(B)(1).  Thus, defendants' claims of malicious prosecution and abuse of process are **DENIED**.

### II.   **PLAINTIFF'S MOTION TO APPOINT A NEW TRUSTEE**

In his motion to appoint a new fiduciary, plaintiff Secretary seeks to have Cordero removed as trustee and a new fiduciary appointed to administer the Plan and distribute the Plan's assets to its beneficiaries.  (Dockets No. 7 at pp. 5, 12.)  This is the same relief that plaintiff seeks in his complaint.  (Docket 1 at p. 3.)

Summary judgment, pursuant to Federal Rule of Civil Procedure 56 ("Rule 56"), is the proper way to dispose of actions on the merits before a case is tried.  See generally 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, §§ 2712-2713.1 (3d ed. 2015) (describing the scope of Rule 56 and comparing it to other dispositive motions); see also

Civil No. 15-1541 (FAB)                                                  10

Fed.R.Civ.P. 56.  Because plaintiff Secretary did not move for summary judgment here, or submit a supporting statement of material facts as required by Local Rule 56, the Court will not address the merits of plaintiff Secretary's claim to remove Cordero as a Plan fiduciary and to appoint an independent fiduciary.  The Court, therefore, **DENIES** plaintiff Secretary's motion to appoint an independent fiduciary without prejudice.  (Docket No. 7.)

### III.  CONCLUSION

For the reasons discussed above, the Court **DENIES** defendants' motion to dismiss, (Docket No. 17), and **DENIES** plaintiff's motion to appoint an independent fiduciary without prejudice.  (Docket No. 7.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 1, 2016.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE